*SUMMER D. LASHLEY, PH.D., v. SPARTANBURG METHODIST COLLEGE, W. SCOTT COCHRAN, MARK W. GIBBS, PH.D., TERESA D. FERGUSON, JONATHAN J. KEISLER, PH.D., ANGELIA A. TURNER, AND CLEVON A. BOYD, IN HIS INDIVIDUAL CAPACITY*

*C.A. No. 7:18-cv-02957-JD-KFM*

# EXHIBIT A

*To Defendants' Reply to Plaintiff's Response in Opposition to Defendants' Motion to Enlarge Time to Conduct Discovery (ECF No. 264)*

ELECTRONICALLY FILED - 2021 Nov 24 4:15 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4203978

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SPARTANBURG | ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| | ) | |
| Summer D. Lashley, Ph.D., | ) | C/A No.: 2021-CP-42-_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SUMMONS** |
| v. | ) | |
| | ) | |
| Holcombe Bomar, P.A., Todd R. Flippin, | ) | |
| and William B. "Kip" Darwin, Jr., | ) | |
| | ) | |
| Defendants. | ) | |

**TO:   THE ABOVE-NAMED DEFENDANTS:**

YOU ARE HEREBY summoned and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscriber at 912 Lady Street, 2nd Floor, Columbia, SC 29202, within thirty (30) days after the service hereof, exclusive of the date of such service.  If you fail to answer the Complaint within that time, the Plaintiff shall proceed with in default proceedings against you and shall apply to the Court of the relief demanded in the Complaint.

s/ Kathleen McDaniel
Kathleen McDaniel, Esq. (SC Bar No. 74826)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, Second Floor (29201)
Post Office Box 1929
Columbia, South Carolina 29202
Telephone: (803) 904-7913
Fax: (803) 904-7910
kmcdaniel@BurnetteShutt.Law

**ATTORNEY FOR PLAINTIFF**

Columbia, South Carolina

November 24, 2021

Page 1

ELECTRONICALLY FILED - 2021 Nov 24 4:15 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4203978

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF SPARTANBURG ) | FOR THE SEVENTH JUDICIAL CIRCUIT |
| Summer D. Lashley, Ph.D., ) | C/A No.: 2021-CP-42-_____ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | (Jury Trial Demanded) |
| ) | |
| Holcombe Bomar, P.A., Todd R. Flippin, ) | |
| and William B. "Kip" Darwin, Jr., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Summer D. Lashley, Ph.D., complaining against Defendants, Holcombe Bomar, P.A., Todd R. Flippin, and William B. "Kip" Darwin, Jr., would respectfully show unto the Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendant Holcombe Bomar, P.A. is a business law firm, organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business in Spartanburg County, South Carolina.

2. Upon information and belief, Defendant Todd R. Flippin is a citizen and resident of Spartanburg County, South Carolina. Defendant Flippin is a practicing attorney at the law firm of Holcombe Bomar, P.A.

3. Upon information and belief, Defendant William B. "Kip" Darwin, Jr. is a citizen and resident of Spartanburg County, South Carolina. Defendant Darwin is a practicing attorney at the law firm of Holcombe Bomar, P.A.

4. At all relevant times to this action, Defendants Flippin and Darwin were employees/agents of Defendant Holcombe Bomar and, with respect to the facts alleged herein, acted within the scope of their agency or employment there.

5. Defendant Holcombe is liable for the intentional, willful, or negligent acts and omissions of their agents/employees/servants, including, but not limited to, those that Defendant Flippin and Darwin committed in the course and scope of their employment/agency under the doctrine of *respondeat superior*, agent-principal, or master-servant relationship.

6. The events leading to this complaint substantially occurred in Spartanburg County, State of South Carolina.

7. Defendants are subject to the venue and jurisdiction of this Court pursuant to S.C. Code Ann. § 15-7-20 and § 15-7-30 because Defendant Holcombe Bomar does business in this county, the individual Defendants reside in this county, and the acts giving rise to Plaintiff's claims were committed within this county.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. Plaintiff filed a civil action in the District Court for South Carolina, Spartanburg Division, on November 1, 2018, for, *inter alia*, breach of contract, defamation, and wrongful termination against her former employer, Spartanburg Methodist College ("SMC"), among other individual Defendants who are current or former officers or employees of SMC.

9. SMC retained the law firm of Defendant Holcombe Bomar, P.A. to represent it in that action.

10. Defendants Flippin and Darwin, as agents/employees of Defendant Holcombe Bomar, are counsel of record for SMC.

11. Defendant Flippin was acting in the course and scope of his employment with Defendant Holcombe Bomar when, on or about February 13, 2019, Defendant Flippin issued eleven subpoenas duces tecum upon medical providers of Plaintiff.

12. These eleven subpoenas sought, *inter alia*, "[a]ny and all medical records, reports . . . notes . . . or other written documents of any nature whatsoever . . ." concerning Plaintiff. The subpoenas were not limited in terms of date range or subject matter to which the medical records pertained.

13. On or about February 28, 2019, Plaintiff filed a motion to quash or modify the subpoenas and for a protective order concerning the documents sought by the February 13, 2019 subpoenas.

14. On March 14, 2019, Defendant Flippin notified the recipients of his prior subpoenas that the Plaintiff had sought protection from the release of her medical records and that they must refrain from responding until the issue was resolved.

15. Counsel for Plaintiff and Defendants in the underlying case ultimately worked out an agreement about the production and protection of Plaintiff's medical records. The parties agreed to limit the production of Plaintiff's medical records to any treatment received by Plaintiff on or after January 1, 2014. The parties also agreed that all of Plaintiff's medical records would be marked "For Attorneys' Eyes Only"; that Plaintiff's counsel in the underlying case would obtain Plaintiff's medical records for production to Defendants' counsel in the underlying case; and that if Defendants' counsel received any medical records pursuant to subpoena, all counsel would meet to review those records before such records were shown to anyone else, so that they could be appropriately designated as "Confidential" or "For Attorneys' Eyes Only."

16. After counsel reached an agreement on the discovery motions relating to Plaintiff's medical records, counsel informed the Court that the discovery motions had been resolved and submitted a proposed, consent Confidentiality Order reflecting the "Attorneys' Eyes Only" provision.

17. On April 9, 2019, the Honorable Kevin F. McDonald, United States Magistrate Judge, signed the Confidentiality and Seal Order ("Confidentiality Order") based upon the consent of all parties under which materials responsive to the February 13, 2019 subpoenas would be protected. Judge McDonald also entered a text order on April 9, 2019, recognizing that the prior discovery motions were rendered moot based on the agreement reached by counsel.

18. The Confidentiality Order set forth a hierarchy of confidentiality whereby a party may designate records to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" if those documents contained, *inter alia*, "sensitive personal information."

19. Documents certified as warranting protection under either confidentiality category would be subject to protections that included limitations upon who may review the records, certification that recipients would comply with the Order, and acknowledgement of understanding and agreement to be bound.

20. The February subpoenas were covered under the scope of the Order wherein "All documents produced in the course of discovery . . . documents received pursuant to subpoena . . . shall be subject to this Order concerning confidential information . . ."

21. On or about April 11, 2019, Defendant Flippin sent a letter to a number of Plaintiff's medical providers falsely stating that the Court had entered an order authorizing the release of Plaintiff's medical records or stating that Plaintiff no longer opposed the release of her medical records, neither of which was true. The letters purported to show that they were carbon-copied to Plaintiff's counsel in the underlying litigation, David E. Rothstein; however, no copies of any such letters were ever sent to Mr. Rothstein.

22. On or about April 18, 2019, Plaintiff became aware of the letter sent to one of her providers, Dr. Susan Orenstein, who showed it to Plaintiff while Plaintiff happened to be at Dr. Orenstein's office for a counseling session at the same time the letter was received.

23. As part of the discovery process, SMC, through Defendants, obtained Plaintiff's medical records purportedly through subpoenas to Carolina Mountain Gastroenterology and FastMed Urgent Care. Plaintiff obtained a copy of a fax transmission from Defendant Holcombe Bomar to FastMed Urgent care dated April 16, 2019, forwarding the original subpoena issued in February 2019.

24. Plaintiff did not authorize FastMed or Carolina Mountain Gastroenterology to release her medical records to Holcombe Bomar.

25. On or about June 24, 2019, SMC, through Defendants, moved to compel Plaintiff to sign forms authorizing release of the medical records.

26. On or about July 8, 2019, Plaintiff and Defendants reached an agreement for the production of Plaintiff's medical records according to the following procedure:

a. Plaintiff's attorney would obtain Plaintiff's medical and psychological records and will mark all such records "HIGHLY CONFIDENTIAL–FOR ATTORNEY'S EYES ONLY."

b. Plaintiff's attorney would meet with Defendants to review the medical records in person.

c. Defendants would review the records and mark those they believed properly discoverable.

d. If Plaintiff agreed that the selected records were relevant to the case, then Plaintiff would produce those records.

e. If Plaintiff did not agree that the selected records were properly discoverable, then Plaintiff would file a motion for protective order or otherwise seek a determination from the Court regarding the production of such records.

27. United States Magistrate Judge McDonald issued a docket text order on July 9, 2019, approving that method for handling the discovery dispute over Plaintiff's medical records.

28. Upon information and belief, Defendants did not follow the agreed upon and court-approved procedure, but instead continued to seek Plaintiff's medical records directly from the providers, without notice to Plaintiff's counsel.

29. Plaintiff is informed and believes that Defendants released documents certified as "HIGHLY CONFIDENTIAL—FOR ATTORNEYS' EYES ONLY" to non-authorized persons outside the terms of the Confidentiality Order.

30. Plaintiff learned of Defendants' disclosure to these parties at a deposition of a former employee of SMC in the Human Resources department wherein the deponent stated that she had reviewed approximately 75 pages of Plaintiff's medical records.

31. Plaintiff is informed and believes that disclosure of her medical records was made in explicit contravention to the plain terms of the Confidentiality Order.

32. On November 26, 2019, Defendants filed a Motion to Allow Psychological Testing and Mental Examination of Plaintiff in the District Court action under Fed. R. Civ. P. 35.

33. On November 26, 2019, Plaintiff's counsel proposed five conditions for the Rule 25 evaluation, including the following: "the results of the examination will not be shared with any of the individual defendants or any representatives of SMC other than attorneys and insurance adjusters, essentially treating it like the other health records that have been marked "HIGHLY CONFIDENTIAL—FOR ATTORNEYS' EYES ONLY." Defendants expressly agreed to this condition; in particular, Defendant Darwin stated in an email, dated December 6, 2019:

> Neither I nor any member of my firm will share the results of the testing or the evaluation with any of the defendants or anyone else, other than our claims representative. We realize how confidential and sensitive the results of the testing and evaluation are.

34. Contrary to this express agreement, Defendants disclosed a draft of the psychological testing report to individuals other than the claim representative.

**FOR FIRST CAUSE OF ACTION**
Invasion of Privacy
(Wrongful Intrusion into Private Affairs)

35. The allegations in Paragraphs 1 through 34 not inconsistent herewith are hereby realleged as fully as if set forth here verbatim.

36. Defendant Flippin and Darwin, while acting in the course and scope of their employment with and in furtherance of the business interests of Defendant Holcombe Bomar, unlawfully intruded into the private affairs of Plaintiff through the unauthorized obtaining and disclosure of her medical records.

37. Defendants Flippin and Darwin's intentional actions as described above constitute unlawful intrusions into Plaintiff's solitude, seclusion, and private affairs, which Plaintiff reasonably expected would be free from intrusion and exposure.

38. Defendants Flippin and Darwin's invasion of Plaintiff's privacy was substantial and unreasonable and of a nature that would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances.

39. Defendants Flippin and Darwin were provided actual notice of the expectation of privacy of Plaintiff's affairs.

40. Defendant Flippin and Darwin's invasion of Plaintiff's privacy directly and proximately caused Plaintiff to suffer damages, including emotional distress, pain and suffering, embarrassment, humiliation, anxiety, and loss of enjoyment of life.

41. The intentional acts and liability of Defendant Holcombe Bomar includes their agents, employees and/or servants, both directly and vicariously, pursuant to principles of corporate liability, apparent authority, agency, ostensible agency, and/or *respondeat superior*.

42. At all times referenced in this complaint, and as to all allegations in this complaint, Defendants Flippin and Darwin were the agents, employees, and/or servants of Defendant Holcombe Bomar and were acting within the course and scope of their employment.

43. All of the above-named Defendants are jointly and severally liable as to all damages alleged herein since their intentional acts, singularly or in combination, are a proximate cause of Plaintiff's damages, injuries, and losses.

44. Plaintiff is entitled to recover in this action actual damages from Defendants sufficient to compensate her for her economic and non-economic injuries.

45. In addition, Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such conduct in the future.

### **FOR SECOND CAUSE OF ACTION**
Invasion of Privacy
(Publicizing of Private Affairs)

46. The allegations in Paragraphs 1 through 45 not inconsistent herewith are hereby realleged as fully as if set forth here verbatim.

47. Defendants Flippin and Darwin, agents/servants/employees of Defendant Holcombe Bomar, intentionally and maliciously publicized matters concerning Plaintiff that were not of legitimate public concern and that were highly sensitive and embarrassing to Plaintiff.

48. Defendants Flippin and Darwin's actions in publicizing Plaintiff's private affairs caused Plaintiff mental distress and injury, and, upon information and belief, would cause mental distress and injury to a reasonable person in the same circumstances.

49. Plaintiff never waived her rights and Defendants Flippin and Darwin did not have any privilege to so publicize Plaintiff's private affairs.

ELECTRONICALLY FILED - 2021 Nov 24 4:15 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4203978

50. Plaintiff had affirmatively sought to limit the risk of public disclosure of her private affairs, which would have protected her privacy absent the unwarranted intrusion by Defendants Flippin and Darwin.

51. As such, Defendants Flippin and Darwin have invaded Plaintiff's privacy.

52. Defendants Flippin and Darwin's invasion of Plaintiff's privacy directly and proximately caused Plaintiff to suffer damages, including emotional distress, pain and suffering, embarrassment, humiliation, anxiety, and loss of enjoyment of life.

53. The intentional acts and liability of Defendant Holcombe Bomar includes its agents, employees and/or servants, both directly and vicariously, pursuant to principles of corporate liability, apparent authority, agency, ostensible agency, and/or *respondeat superior*.

54. At all times referenced in this complaint, and as to all allegations in this complaint, Defendants Flippin and Darwin were the agents, employees, and/or servants of Defendant Holcombe Bomar and were acting within the course and scope of their employment.

55. All of the above-named Defendants are jointly and severally liable as to all damages alleged herein since their intentional acts, singularly or in combination, are a proximate cause of Plaintiff's damages, injuries, and losses.

56. Plaintiff is entitled to recover in this action actual damages from Defendants sufficient to compensate her for her economic and non-economic injuries.

57. In addition, Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such conduct in the future.

## FOR THIRD CAUSE OF ACTION
Intentional Infliction of Emotional Distress

58. The allegations in Paragraphs 1 through 57 not inconsistent herewith are hereby realleged as fully as if set forth here verbatim.

59. Defendants Flippin and Darwin intentionally or recklessly inflicted severe emotional distress upon Plaintiff as alleged in detail above.

60. Defendants Flippin and Darwin's conduct was so extreme and outrageous that it exceeds all possible bounds of decency and is furthermore atrocious and utterly intolerable in a civilized community.

61. The actions of Defendants Flippin and Darwin have directly and proximately caused Plaintiff to suffer emotional distress.

62. The emotional distress suffered by Plaintiff is so severe that no reasonable person could be expected to endure it.

63. The intentional acts and liability of Defendants Flippin and Darwin include their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principles of corporate liability, apparent authority, agency, ostensible agency, and/or *respondeat superior*.

64. At all times referenced in this complaint, and as to all allegations in this complaint, Defendants Flippin and Darwin were the agents, employees, and/or servants of Defendant Holcombe Bomar and were acting within the course and scope of their employment.

65. All of the above-named Defendants are jointly and severally liable as to all damages alleged herein since their intentional acts, singularly or in combination, are a proximate cause of Plaintiff's damages, injuries, and losses.

ELECTRONICALLY FILED - 2021 Nov 24 4:15 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4203978

ELECTRONICALLY FILED - 2021 Nov 24 4:15 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4203978

66. Plaintiff is entitled to recover in this action actual damages from Defendants sufficient to compensate her for her economic and non-economic injuries.

67. In addition, Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined by the jury, sufficient to deter Defendants and others from engaging in such conduct in the future.

68. Plaintiff is entitled to recover in this action actual damages from these Defendants sufficient to compensate her for her emotional distress.

## FOR FOURTH CAUSE OF ACTION
Abuse of Process

69. The allegations in Paragraphs 1 through 68 not inconsistent herewith are hereby realleged as fully as if set forth here verbatim.

70. Defendants Flippin and Darwin's actions violated the Confidentiality Order and agreement of the parties.

71. Defendants Flippin and Darwin's violations manifested willful intent to utilize the subpoena and discovery process for reasons not legitimate.

72. Defendants Flippin and Darwin's abuse of process allowed them to obtain and distribute records in which Plaintiff had a privacy interest.

73. Defendants Flippin and Darwin's disclosure of Plaintiff's medical records and intrusion into her private affairs manifested a primary intent to abuse process.

74. Defendants Flippin and Darwin's abuse of process is predicated upon an ulterior motive to injure, malign, or otherwise harm Plaintiff.

75. The emotional distress suffered by Plaintiff is so severe that no reasonable person could be expected to endure it.

76. Plaintiff is entitled to recover in this action actual damages from these Defendants sufficient to compensate her for her emotional distress.

77. The intentional acts and liability of Defendant Holcombe Bomar includes their agents, employees and/or servants, both directly and vicariously, pursuant to principles of corporate liability, apparent authority, agency, ostensible agency, and/or *respondeat superior*.

78. At all times referenced in this complaint, and as to all allegations in this complaint, Defendants Flippin and Darwin were the agents, employees, and/or servants of Defendant Holcombe Bomar and was acting within the course and scope of their employment.

79. All of the above-named Defendants are jointly and severally liable as to all damages alleged herein since their intentional acts, singularly or in combination, are a proximate cause of Plaintiff's damages, injuries, and losses.

80. Plaintiff is entitled to recover in this action actual damages from Defendants sufficient to compensate her for her economic and non-economic injuries.

81. In addition, Plaintiff is entitled to an award of punitive damages against Defendants in an amount to be determined by the jury, sufficient to deter these Defendants and others from engaging in such conduct in the future.

## **PRAYER FOR RELIEF**

82. Plaintiff requests that this action be tried by a jury and prays that judgment be awarded against Defendants Flippin and Darwin and Defendant Holcombe Bomar. Plaintiff also requests all actual, consequential, punitive damages, attorney's fees, and such other and further relief as this Court deems just and proper.

                Respectfully Submitted,

                s/ Kathleen McDaniel
                Kathleen McDaniel, Esq. (SC Bar No. 74826)
                BURNETTE SHUTT & MCDANIEL, PA
                912 Lady Street, Second Floor (29201)
                Post Office Box 1929
                Columbia, South Carolina 29202
                Telephone: (803) 904-7913
                Fax: (803) 904-7910
                kmcdaniel@BurnetteShutt.Law

                **ATTORNEY FOR PLAINTIFF**

Columbia, South Carolina

November 24, 2021

ELECTRONICALLY FILED - 2021 Nov 24 4:15 PM - SPARTANBURG - COMMON PLEAS - CASE#2021CP4203978