# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# SPARTANBURG DIVISION

| | |
|---|---|
| SUMMER D. LASHLEY, PH.D., | C.A. No. 7:18-cv-02957-JD-KFM |
| PLAINTIFF, | |
| v. | |
| SPARTANBURG METHODIST COLLEGE; W. SCOTT COCHRAN; MARK W. GIBBS, PH.D., TERESA D. FERGUSON; JONATHAN J. KEISLER, PH.D., ANGELIA A. TURNER; AND CLEVON A. BOYD, IN HIS INDIVIDUAL CAPACITY, | DEFENDANTS' MOTION TO SET ASIDE CONFIDENTIALITY AND SEAL ORDER (ECF NO. 33)<br><br>[CASE CLOSED] |
| DEFENDANTS. | |

Defendants Spartanburg Methodist College, W. Scott Cochran, Mark W. Gibbs, PhD, Teresa Ferguson, Jonathan J. Keisler, PhD, Angelia A. Turner, and Clevon A. Boyd (collectively referred to as "SMC") move for an order rescinding the Court's Consent Confidentiality and Seal Order, Entry No. 33. SMC bases this motion on the following grounds.

## **INTRODUCTION**

In March of 2022, this Court granted Defendants summary judgment as to all federal claims. Thereafter, Plaintiff refiled her state law claims in the Greenville County Court of Common Pleas. The Consent Confidentiality and Seal Order (the "Order") issued by this Court is still binding upon the parties. Defendants ask the Court to rescind the Order so that Judge G.D. Morgan, Jr., who has designated the state court action as complex, can enter a confidentiality order and manage the terms thereof through the trial of the action.

As this Court may remember, the Order included a stringent HIGHLY CONFIDENTIAL—FOR ATTORNEYS' EYES ONLY provision that prevented the named parties to the action from seeing documents so labeled. Disputes between the parties over the scope and application of that provision resulted in multiple motions for sanctions. More bizarre still, Dr. Summer Lashley cited the Order as the basis for a lawsuit against the undersigned and the Holcombe Bomar law firm. Because of the history of Plaintiff's use of the Order as a weapon against opposing counsel, this Court should rescind the Order to enable Judge Morgan to directly manage such conflicts.

## ARGUMENT

The Court entered its Confidentiality and Seal Order (the "Order") on April 9, 2019, for the purpose of "facilitating discovery." ECF No. 33, at ¶ 13. The Order provides for its modification, upon the motion of a party. *Id*., at ¶ 12. The terms of the Order are "binding after the conclusion of the litigation unless otherwise agreed or ordered." *Id*., at ¶ 11(a). However, throughout the litigation before this Court, Plaintiff never sought a judicial determination that any document labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—FOR ATTORNEYS' EYES ONLY" is subject to protection under Fed. R. Civ. P. (c). *Id*., at ¶ 12.

1. **The Court Should Rescind the Confidentiality and Seal Order to Prevent Plaintiff from Using it for Improper Purposes.**

Instead of abiding by the terms of the Order, Plaintiff sought sanctions against Defendants' and their counsel for routine motions practice. In her motion for sanctions filed on November 19, 2020, she alleged that Defendants' counsel "gratuitously filed almost the entirety of Plaintiff's deposition transcript in the public record in this case." ECF No. 104, at pgs. 7-8. However, Mr. Rothstein never bothered to designate Plaintiff's deposition transcript required by the Order. "Portions of depositions shall be deemed confidential only if designated as such when the

deposition is taken or within seven business days after receipt of the transcript." ECF No. 33, at ¶ 4.

More troubling still is that Dr. Lashley sued the undersigned for alleged violations of the Order. On November 24, 2021, Dr. Lashley filed a separate civil action filed against counsel for Defendants, which is styled *Summer D. Lashley, Ph.D. v. Holcombe Bomar, P.A., Todd R. Flippin, and William B. "Kip" Darwin, Jr.*, C/A No. 2021-CP-42-03978. Exhibit A. Plaintiff, through her attorney Ms. Kathleen McDaniel, alleged that SMC's attorneys are liable to her for invasion of privacy, intentional infliction of emotional distress, and abuse of process based on counsel's defense in the federal lawsuit and for violating the Order.[1]

Plaintiff by filing a state court lawsuit against SMC's attorneys has improperly used the Court's Order as a weapon to deter SMC's lawyers from obtaining relevant documents and providing their clients relevant information about the merits of the Plaintiff's claims. Moreover, by filing this lawsuit against SMC's attorneys, Plaintiff improperly attempted to circumvent the Court's authority to manage discovery disputes.

2. **The Court Should Grant Defendants' Motion to Allow the State Court to Manage Discovery Through Trial.**

Now that discovery in the federal action is over and all federal claims are dismissed, the purposes for the Order, and in particular the Attorneys Eyes' Only terms, have come to an end. On March 24, 2022, Judge Joseph Dawson adopted Magistrate Judge Kevin McDonald's Report and Recommendation in part and dismissed Plaintiff's federal law claims. ECF No. 287. The Court declined to exercise supplemental jurisdiction over the state law claims. Dr. Lashley noticed an

---

[1] On September 16, 2022, Judge Keith Kelly granted Holcombe Bomar's motion to dismiss and held that Plaintiff's complaint was without legal merit. Exhibit B, Order of Dismissal. Undeterred, Mrs. McDaniel filed a notice of appeal on behalf of Plaintiff. She withdrew the appeal in April of this year.

appeal from this order. In April of this year, the Fourth Circuit Court of Appeals issued its published order affirming the Court's order granting Defendants' motion for summary judgment. *Lashley v. Spartanburg Methodist College*, et. al., 66 F.4th 168, (4th Cir. 2023). Plaintiff-Appellant filed a petition for rehearing en banc, which was denied. The Court of Appeal's mandate issued on May 24, 2023. ECF No. 61-1.

During the pendency of Plaintiff's appeal, she filed a complaint in the Court of Common Pleas for Greenville County restating the state law claims alleged in her federal action. Exhibit C. That action has been designated for complex case status and assigned to Circuit Court Judge G.D. Morgan, Jr. for case management through the jury trial. Exhibit D. Counsel for Defendants are filing a motion for entry of a confidentiality order that will prevent the abuses noted above and provide for the use of evidence in the public trial[2] on Plaintiff's claims.

In addition to the difficulties imposed on Defendants by Plaintiff's improper (and non-compliant) use of the Order, Defendants predict significant obstacles in adhering to the Order during the public trial of this case. There is no provision in the Order for presenting materials labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—FOR ATTORNEYS EYES' ONLY" to a jury. It is nearly certain that disputes will arise about the handling of documents labeled according to the Order. Setting aside the Order will allow Judge Morgan to enter a confidentiality order suited for the purposes of taking this action through trial.

Counsel for Defendants attempted to confer with opposing counsel regarding this motion by email on July 31, 2023. In that correspondence, counsel also provided a copy of a substantially

---

[2]   Judge Morgan has entered an order setting trial for a term of court not before January 1, 2024.

similar proposed order for Judge Morgan's consideration. However, Mr. Rothstein did not respond to that correspondence.

## CONCLUSION

Based on the foregoing, Defendants request that the Court enter an order setting aside the Confidentiality and Seal Order so that the parties may seek entry of a suitable confidentiality order by Judge Morgan.

Respectfully submitted,

*s/Todd R. Flippin*

_____

William B. Darwin, Jr., Fed. ID No. 5422
William U. Gunn, Fed. ID No.
Todd R. Flippin, Fed. ID No. 11753
HOLCOMBE BOMAR, P.A.
Post Office Box 1897
Spartanburg, South Carolina  29304
(864) 594-5300 (Office)
(864) 585-3844 (Facsimile)
kdarwin@holcombebomar.com
tflippin@holcombebomar.com
bgunn@holcombebomar.com

*Attorneys for Defendants*

August 23, 2023

Spartanburg, South Carolina